UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEROY**                                                        **CIVIL ACTION**

**VERSUS**                                                       **NO. 06-10833**

**LORETTA WHYTE**                                                **SECTION "A" (4)**
**UNITED STATES**


**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C) and § 1915e(2). Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.      Background**

Leroy, also known as Derek McSmith,[1] filed *in forma pauperis* a complaint against Loretta Whyte, the Clerk of Court for the United States District Court, Eastern District of Louisiana, "pursuant to the Due Process Clause and the 5th Amendment to the U.S. Constitution which prohibits federal employees of depriving an individual due process."[2] This claim stems from the

---

[1] *See* Rec. Doc. No. 2.

[2] Rec. Doc. No. 1, p.1, ¶1.

proceedings in a prior lawsuit, Civ. Action No. 06-4601"C"(2), brought by Leroy against Blackwater USA a/k/a Blackwater Security Consulting LLC.[3]

According to Leroy's complaint and exhibit, he filed in that case a motion for entry of a default against Blackwater USA pursuant to Fed. R. Civ. P. 55.  Leroy apparently alleges that Mrs. Whyte was aware of the motion and failed to comply with the dictates of Rule 55 because no default judgment was entered.  He seeks an order compelling her to comply with Rule 55.

Leroy also named as a defendant the United States of America.  However, Leroy does not set forth any allegations regarding the United States government.

## II.     Standard of Review for Frivolousness for Non-Prisoner Complaint

The very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper-plaintiff's complaint and dismiss it without service of process at any time when the Court makes a determination that the complaint is frivolous.  Title 28, Section 1915(e)(2)(B) of the United States Code reads in pertinent part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In cases in which a plaintiff seeks to proceed without the payment of the required filing fee and attendant fees for service of process, courts have long had the authority to dismiss *in forma*

---

[3]*See* Rec. Doc. No.1, Exh. 1; Civ. Action No. 06-4601"C"(2), Rec. Doc. No. 6.

*pauperis* complaints if satisfied that the claims asserted are frivolous or malicious. *See* former 28 U.S.C. § 1915(d).[4]

Section 1915(e)(2)(B) applies equally to prisoner and nonprisoner *in forma pauperis* cases. *See Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir.2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir.2002) (affirming dismissal of in forma pauperis non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir.1998)(affirming dismissal of § 1983 action for failure to state a claim by non-prisoner, former detainee against state law enforcement personnel); *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir.1997)(§1915 as amended changed cases brought by prisoners and in some respects for all indigent litigants); *see also*, *Mazzaglia v. New Hampshire*, 2000 WL 979971 (1st Cir. June 23, 2000)( "[i]f plaintiff was a prisoner, then 28 U.S.C. § 1915A would have governed; if he was not, then § 1915(e)(2)(B) would have applied ."); *McLean v. Caldwell County Sheriff's Department*, 1999 WL 796420 (4th Cir. Oct.16, 1999).

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28.

---

[4] Section § 1915(d) was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996 ("PLRA").

Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Clerk of Court Loretta Whyte**

Leroy filed suit against Loretta Whyte the Clerk of Court for the United States District Court for the Eastern District of Louisiana alleging that she violated his due process rights because she did not enter a default judgment in his case Blackwater USA.  His claim is, however, frivolous and must be dismissed.

A plaintiff may maintain a claim against a federal employee accused of violating his federal constitutional rights.  Such a claim is generally referred to as a *Bivens* claim.  *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971).  A *Bivens* claim is available only against government officers in their individual capacities in order to deter future civil rights violations by such individuals.  *Williams v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987).

However, a review of the record in Civ. Action No. 06-4601"C"(2) reflects Mrs. Whyte did not refuse to enter a default in that case.  Instead, the record shows that United States Chief District Judge, Helen G. Berrigan denied LeRoy's Motion for Default Judgement on December 11, 2006.[5]  Thus, Mrs. Whyte was in compliance with Judge Berrigan's order when no default was entered.

The United States Fifth Circuit Court of Appeals and other federal circuit courts have extended the doctrine of judicial immunity to clerks of court who act under the orders of the Court.

---

[5]Civ. Action No. 4601"C"(2), Rec. Doc. No. 7.

4

*Small v. Dallas County*, 170 Fed. Appx. 943, 943 (5th Cir. Apr. 10, 2006); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001); *Rogers v. Brintrager*, 841 F.2d 853, 856 (8th Cir. 1988); *Eades v. Sterlinske*, 810 F.2d 723, 726 (7th Cir. 1987).  Clerks of court have a "narrower ambit of immunity than judges and prosecutors," *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981), but they "'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.'"  *Clay*, 242 F.3d at 682 (quoting *Tarter*, 646 F.2d at 1013); *Boston v. Lafayette County*, 744 F. Supp. 746, 750 (N.D. Miss. 1990), *aff'd*, 933 F.2d 1003 (5th Cir. 1991).  Judicial immunity also extends to actions for injunctive relief.  *See Tesmer v. Granholm*, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); *Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *see also*, *Guerin v. Higgins*, 2001 WL 363486 (2nd Cir. Apr. 11, 2001); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief).

In this case, Mrs. Whyte was in compliance with the directive of Judge Berrigan that LeRoy's motion for entry of a default judgment be denied.  She was under no directive or legal obligation to enter a default.  She is immune from any recovery by LeRoy arising from that action.  LeRoy's claim of denial of due process, therefore, is frivolous and otherwise fails to state a claim for which relief can be granted.

### B.     United States of America

Additionally, LeRoy has named the United States of America as a defendant.  However, he fails to set forth any allegations against the government.  However, the Supreme Court has held that there can be no *Bivens* cause of action against the United States government, federal agencies, or government officers in their official capacities because the deterrent effect on the individual would

be lost. *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994). In this case, LeRoy's claims, if any, against the United States Government are frivolous and otherwise fail to state a claim for which relief can be granted.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Leroy's claims against the defendants, Loretta Whyte and the United States of America, be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this    26th    day of       February       , 2008.

 _____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**